IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

ZEYELA MARIE CLENDENIN,
also known as Roger Dale Persinger, Jr.,

      Plaintiff,

v.                                Case No. 2:23-cv-00071

CYNTHIA PERSILY, in her official capacity as
Cabinet Secretary of the West Virginia Department
of Human Resources, *et al.*,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is a Motion to Dismiss filed by the West Virginia Department of Health and Human Resources, Sherry A. Young, and Matthew Christiansen (ECF No. 7).[1]  By Standing Order, this matter is referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  For reasons appearing to the Court, it is hereby **ORDERED** that the referral of this matter to the Magistrate Judge is **WITHDRAWN,** and the undersigned will proceed to rule on the pending motions.

---

[1] During the pendency of this civil action, the West Virginia Department of Health and Human Resources has undergone a reorganization into three separate departments.  As relevant here, the department with oversight of the Vital Registration Office, the repository of official birth records, is the Department of Human Services, which is presently overseen by Cabinet Secretary Cynthia Persily, who was substituted as a defendant in place of Sherry A. Young pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.  Accordingly, this pending motion to dismiss will be treated as being filed by the West Virginia Department of Human Services ("DHS"), Cynthia Persily, and Matthew Christiansen, as State Health Officer and Commissioner of the Bureau for Public Health (collectively "the DHS Defendants").  The Court will hereinafter refer to this motion as "the DHS Defendants' motion to dismiss."

## I.    Plaintiff's Allegations and Pending Motions.

On January 30, 2023, Plaintiff, who identifies as a transgender female allegedly suffering from "gender dysphoria" and/or "gender identity disorder ("GID"), who is also an incarcerated convicted felon who will be required to register as a sex offender upon release from prison,[2] filed the instant Verified Complaint under 42 U.S.C. § 1983 seeking a declaration that the State of West Virginia's name change statutes violate her rights under the United States Constitution, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 701 *et seq.* Plaintiff also seeks injunctive relief in the form of a court order directing the defendants to change the name and sex designation on her birth certificates.[3] Specifically, Plaintiff alleges that it is in her best interest that her assigned sex and name be changed on her birth records "to match her lived female gender identity appearance" and that these changes are "an essential part of the standard medical treatments for Plaintiff's gender dysphoria as recognized by the national and international medical and psychiatric communities." [ECF No. 1 at 5].

As addressed in the complaint and the defendants' motion, under West Virginia law, a name change may only be granted through a petition for a name change filed in either the circuit or family court of the county in which the petitioner

---

[2] According to the West Virginia Division of Corrections and Rehabilitation's website, Plaintiff's projected release date is November 29, 2040.

[3] Initially, Plaintiff also sought similar injunctive relief concerning the requested changes to her birth records from Vera McCormick, the Kanawha County Clerk, as well as injunctive relief from the Commissioner of the Social Security Administration ("SSA"), seeking the same changes to her social security records. However, on April 10, 2024, I granted Plaintiff's motion to voluntarily dismiss the claims against McCormick and Martin J. O'Malley, who was then the Commissioner of the SSA. [ECF Nos. 29, 34]. Accordingly, I will focus solely on Plaintiff's requests for declaratory and injunctive relief from the DHS Defendants concerning the requested changes to her birth records.

resides (and has resided for more than one year), or for a non-resident of the county,

where the petitioner was born, married, and resided for at least 15 years.  *See* W. Va.

Code § 48-25-101, *et seq.*   However, while these state statutes do not specifically

exclude name changes for transgender persons, they prohibit a name change for

anyone convicted of a felony, or anyone required to register as a sex offender, during

the required period of incarceration or registration, or for a particular period after

release from incarceration or parole for certain criminal offenses.  *See* W. Va. Code §§

48-25-101(a)(5) and (8) and 48-25-103(b), (c), (d) and (e).   Plaintiff's complaint

challenges this prohibition stating:

> Amending the birth-assigned name and sex as listed on her birth
> certificates and social security card will not undermine the state's
> interest [in] accurately identifying the Plaintiff, due to the fact that
> when Plaintiff registers with the W. Va. State Police as a sex offender
> upon her release, she will have to provide her full name, including any
> aliases, nicknames, or other names used by the Plaintiff at the time of
> registering.  W. Va. Code § 15-12-2(d)(1).

[ECF No. 1 at 9].  In pertinent part, the complaint further claims that:

> [T]he circuit courts of the State of West Virginia are enforcing this law,
> which clearly is denying the Plaintiff equal protection of the laws, as
> well as depriving her of life, liberty, and property without due process of
> law, by not allowing her to petition the circuit court of the county in
> which she was born/resides/resided for a sex and name change on her
> W. Va. birth certificates and social security card to match her lived
> female gender expression of identity.

[*Id.* at 11].

Without further specific facts, Plaintiff alleges that she has suffered a "concrete

injury" through the decision to deny her application for a sex and name change on

her birth certificates under these state statutes.  [*Id.* at 13].   However, Plaintiff's

complaint does not specifically allege that she actually filed such a petition or

application and was denied a name change, or any facts concerning her attempts to change the sex designation on her birth certificate, which, as addressed in further detail below, is subject to different administrative procedures unrelated to the name change petition process.

Nonetheless, Plaintiff's complaint alleges that "[t]he deprivation of the right to petition a circuit court for a sex and name change on Plaintiff's birth certificates to reflect her lived female gender expression of identity is precisely the sort of irreparable injury that satisfies the injury in fact requirement." [ECF No. 1 at 11]. Thus, Plaintiff's complaint seeks a court order requiring the DHS Defendants to amend Plaintiff's birth certificate to modify her male sex to female and to change her name from "Roger Dale Persinger, Jr." to "Zeyela Marie Clendenin." [*Id.* at 51].

On September 8, 2023, the DHS Defendants filed a Motion to Dismiss asserting that, for the purposes of this civil action, they are not "state actors" under § 1983 because they do not have the legal authority under state law to effect the changes that Plaintiff seeks, which may only be granted by the appropriate circuit or family court as addressed above. [ECF No. 7 at 3-4]. On a related note, the DHS Defendants further assert that Plaintiff lacks standing to sue them because she has not suffered an injury that is "fairly traceable" to their actions. [*Id.* at 4-8].

On October 3, 2023, Plaintiff filed a response in opposition to the DHS Defendants' motion, which died not address the merits thereof, but merely requested the assistance of counsel, which was previously denied, without objection, by the Magistrate Judge. [ECF No. 33]. However, on February 5, 2024, Plaintiff filed a second response summarily asserting, without any support, that Defendants are state

actors acting under color of state law herein, and further arguing that it is the state law that is prohibiting her "equal access" to amend her birth certificate and, in essence, conceding that these defendants are not responsible for her alleged injury. [ECF No. 31 at 1-2].  Defendants' motion is ripe for resolution.

## II.   Standard of Review

Defendants' motion is construed to be filed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  A motion filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  When "faced with a Rule 12(b)(6) motion to dismiss . . . courts must . . . accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  To achieve facial plausibility, the plaintiff must plead facts allowing the court to draw the reasonable inference that the defendant is liable, moving the claim beyond the realm of mere possibility. *Id.* Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555.

Rule 12(b)(1) of the Federal Rules of Civil Procedure, on the other hand, governs dismissal for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A Rule 12(b)(1) motion can be presented in two ways. First, a defendant may contend that a pleading "simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams*, 697 F.2d at 1219. The court then assumes that the allegations in the complaint are true and affords the plaintiff the same procedural protection she would receive under Rule 12(b)(6). *Id.* Second, a defendant may raise a factual attack against the complaint, alleging that the jurisdictional allegations of the complaint are not true. *Id.* Then, the court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg, & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams*, 697 F.2d at 1219). The burden of proving that a court has subject matter jurisdiction rests with the plaintiff, as the party asserting it. *Johnson v. N. Carolina*, 905 F. Supp. 2d 712, 719 (W.D.N.C. 2012). However, the court should grant dismissal "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

Similarly, Rule 12(h)(3) of the Federal Rules of Civil Procedure permits a district court to dismiss a civil action at any time if it appears that the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n*, 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210 F.3d 389

(10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure); *Dement v. W. Va.*, No. 2:20-cv-00388, 2020 WL 5502305, at *1 (S.D.W. Va. Sept. 11, 2020) (*sua sponte* dismissal under Rule 12(h)(3) for lack of subject matter jurisdiction).

## III.  Discussion

Plaintiff filed this civil action under 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 47 (1988). As noted by the DHS Defendants, "[g]enerally, a public employee acts under color of state law while acting in **his official capacity** or while exercising **his responsibilities** pursuant to state law."  *Parratt v. Taylor*, 451 U.S. 527, 535-36 (1981) (emphasis added); *see also Polk Cty. v. Dodson*, 454 U.S. 312, 317-18 (1981) (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)).  [ECF No. 7 at 3-4].  The DHS Defendants assert that, under state law, they "are not clothed with the authority to [grant] or deny Plaintiff's petition for a name change[;] nor is it their responsibility under state law to decide upon that request for Plaintiff or any other West Virginia resident, regardless of sex, gender, or criminal history."  [*Id.* at 4].  Thus, "[i]n their official capacity, Defendants cannot effectuate this change for Plaintiff . . . [as they] are not tasked with implementing, enforcing, or interpreting this state law but are only able to respond to lawful orders by a West Virginia circuit or family court."  [*Id.*] Consequently, to the extent that Plaintiff has alleged that Defendants have caused

her an injury which this court may remedy, Plaintiff lacks standing to bring her claims.

"Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *Sommerville v. Union Carbide Corp.* No. 2:19-cv-00878, 2024 WL 2139394, at *5 (May 13, 2024). Thus, the standing doctrine "implicates the court's [limited] subject matter jurisdiction" under Article III of the United States Constitution. *South Carolina v. U.S.*, 912 F.3d 720, 726 (4th Cir. 2019) (quoting *Frank Krasner Enters. v. Montgomery Cnty.*, 401 F.3d 230, 234 (4th Cir. 2005)). As noted by the DHS Defendants, "[t]he standing doctrine ensures 'that federal courts do not exceed their authority as it has been traditionally understood." *Spokeo*, 578 U.S. at 338 (citing *Raines v. Byrd*, 521 U.S. 811, 820 (1997)). [ECF No. 7 at 5].

In assessing standing, the court accepts as true the allegations in the pleading that are supported by adequate factual matter to render them plausible on their face. *See Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). As noted above, Plaintiff bears the burden of proving that subject matter jurisdiction exists and if such jurisdiction is lacking, the claim must be dismissed. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *Richmond, Fredericksburg, & Potomac R.R. Co.*, 945 F.2d at 768; *see also Arbaugh v. Y & H Corp.*, 546 U.S.500, 506 (2006). [ECF No. 7 at 5].

Article III standing requires a plaintiff to present "an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior; and likely to be redressed by a favorable ruling." *Davis v. Fed. Election*

*Comm'n*, 554 U.S. 724, 734 (2008); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). "Each of the three standing requirements shares a common purpose: 'to ensure that the judiciary . . . is the appropriate forum in which to address a plaintiff's complaint.'" *Sommerville*, 2024 WL 2139394, at *5 (quoting *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 154 (4th Cir. 2000)).

The injury-in-fact element is satisfied when a plaintiff shows "an invasion of a legally protected interest which is: (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Bush v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 124 F.Supp.3d 642, 651 (E.D.N.C. 2015). Furthermore, an injury is "fairly traceable to the challenged action of the defendant" when there is a "causal connection between the injury and the conduct complained of." *Lujan*, 504 U.S. at 560. For a claim to be redressable, "[a] plaintiff must show that the court has the power to grant the plaintiff's requested relief, and that such relief would redress the plaintiff's injury." *Buscemi v. Bell*, 964 F.3d 252, 259 (4th Cir. 2020), *cert. denied sub nom Kopitke v. Bell*, 141 S. Ct. 1388, 209 L. Ed. 2d 129 (2021). "An injury is redressable if it is 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Doe v. Va. Dep't of State Police*, 713 F.3d 745, 755 (4th Cir. 2013) (quoting *Friends of the Earth*, 528 U.S. at 561). [ECF No. 7 at 5].

The DHS Defendants assert that Plaintiff does not have standing to sue them concerning her name change prohibition, as her "alleged injury under that claim is not attributable to [them] since [they] are not vested with the authority to approve or deny a petition to change Plaintiff's name." [ECF No. 7 at 7-8]. They contend that

Plaintiff's claim "fails in respect to the injury in fact and traceability requirements of the standing doctrine" and, therefore, "that claim is also not redressable by this Court[,]" even to the extent that Plaintiff seeks declaratory relief concerning the constitutionality of the state statute. *See Comite de Apoyo los Trabajadores Agricolas (CATA) v. U.S. Dep't of Labor*, 995 F.2d 510, 513 (4th Cir. 1993) ("By itself, a declaratory judgment cannot be the redress that satisfies the third standing prong."). [*Id.* at 8].

The DHS Defendants further assert that Plaintiff lacks standing to sue them concerning the change of her biological sex designation on her birth certificate because "there is no actual or concrete injury that was caused by the conduct of [those] Defendants." [*Id.* at 7]. Their brief asserts:

> [T]he West Virginia Health Statistics Center will change the sex listed on an individual's birth certificate upon the submission of a form which includes a physician's attestation that the individual's sex designation should be changed. The form for Plaintiff to do this is found on the West Virginia Department of Health and Human Resources' Health Statistics Center web page under "Sex Designation Form" [footnote with link to website omitted]. The Defendants are not prohibiting Plaintiff from changing the sex designation on their birth certificate. To the contrary, Plaintiff has access to the same procedure that anyone else has who wants to change their sex designation, in line with the Equal Protection Clause of the 14th Amendment, which requires "all persons similarly situated should be treated alike." *Grimm v. Gloucester Cnty. School Board*, 302 F. Supp.3d 730, 748 (E.D. Va. 2018), citing *Whitaker v. Kenosha United Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1050 [(7th Cir. 2017)] quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 [ ] 1985).

[ECF No. 7 at 7]. The DHS Defendants further contend that "[s]ince the State of West Virginia is not preventing Plaintiff from changing the sex designation on Plaintiff's birth certificate . . . no actual or concrete injury . . . is traceable to the conduct or lack

10

thereof by the Defendants.  That leaves this Court without any injury to redress regarding this claim." [*Id.*]  Nothing in Plaintiff's response sufficiently overcomes these deficiencies of fact.

I agree that Plaintiff has not established the required elements of standing for her claims against the DHS Defendants.  To the extent that Plaintiff seeks relief from the DHS Defendants concerning the prohibition for a name change due to being incarcerated on felony convictions and being required to register as a sex offender, the DHS Defendants have no authority to approve or deny the requisite petition to change Plaintiff's name.  As addressed above, that authority exclusively lies with the state circuit or family courts and any remedy rests in a timely appeal of a denial order to the appellate courts of the State of West Virginia, which are vested with the authority to review the constitutionality of state statutes under state and federal law.

Thus, any injury in fact that Plaintiff has suffered from the prohibition to change her name on her birth records is not fairly traceable to the DHS Defendants and is not redressable by this Court. *See*, *e.g., Doe v. Holcomb*, 883 F.3d 971, 975-76 (7th Cir. 2018) (a plaintiff suing to enjoin a state statute must show that the named state official plays some role in enforcing the statute in order to avoid the Eleventh Amendment bar and, "in order to satisfy the requirements of causation and redressability, the plaintiff must also establish that his injury is causally connected to that enforcement and that enjoining the enforcement is likely to redress his injury. . . .")

I likewise **FIND** that Plaintiff has not established an injury in fact concerning a change to the sex designation on her birth certificate because it appears that she

11

has not taken the necessary administrative steps to request such a change to those records. As noted by the DHS Defendants, the State's Health Statistics Center will make such a change upon the filing of the designated form, available on its website, that must include a physician's attestation that the individual's sex designation should be changed. Plaintiff's complaint does not indicate that these steps were attempted and that such request was denied. Accordingly, Plaintiff has not demonstrated a concrete and particularized injury that is actual or imminent and her claim is not ripe for review. Because Plaintiff has not established any injury in fact that is fairly traceable to the conduct of the DHS Defendants and redressable by this court, I **FIND** that Plaintiff lacks standing to bring her claims against the DHS Defendants and, consequently, dismissal of her claims for relief for lack of subject matter jurisdiction is required.

## IV.  Conclusion

For the reasons stated herein, it is hereby **ORDERED** that Defendants' Motion to Dismiss [ECF No. 7] is **GRANTED**. It is further **ORDERED** that Plaintiff's Verified Complaint [ECF No. 1] and this civil action are **DISMISSED WITHOUT PREJUDICE.**

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER:     August 1, 2024

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

12